<u>NOT FOR PUBLICATION</u>

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY
## CAMDEN VICINAGE

| | | |
|---|---|---|
| WISAM RIZK, | : | |
| | : | Civ. No. 24-5590 (RMB) |
| Petitioner | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Respondent | : | |

RENÉE MARIE BUMB, CHIEF UNITED STATES DISTRICT JUDGE

Petitioner Wisam Rizk, a prisoner incarcerated in the Federal Correctional Institution in Fort Dix, New Jersey, filed a petition for writ of habeas corpus under 28 U.S.C. § 2241, challenging his guilty plea and stipulation to a judicial order of removal, based on ineffective assistance of counsel in a criminal action in the United States District Court, Northern District of Ohio, where counsel allegedly failed to advise Petitioner that his plea agreement would render him ineligible for application of First Step Act time credits toward his early release from incarceration. (Pet., Dkt. No. 1.)

This matter is before the Court for screening pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.[1] Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the

---

[1] The Rules Governing Section 2254 Cases in the United States District Courts are applicable to cases under 28 U.S.C. § 2241 pursuant to Rule 1(b), the scope of the Rules.

petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." SECT 2254 Rule 4. The Court will dismiss the petition for lack of jurisdiction.

I. **BACKGROUND**

This Court takes judicial notice of the docket in *United States v. Rizk*, 1:17-cr-00424-CAB (N.D. Ohio).[2] On November 4, 2019, the Honorable Christopher A. Boyko, United States District Judge, entered judgment against Petitioner upon his guilty plea to conspiracy to commit wire fraud and honest services wire fraud, substantive wire fraud and honest services wire fraud, and false statements and false document. (Judgment, Dkt. No. 62.) Petitioner was sentenced to a 58-month term of imprisonment. (*Id.*) On October 30, 2019, pursuant to Petitioner's plea agreement, Judge Boyko granted the Government's application for an Order of Judicial Removal, ordering Petitioner's removal to Austria upon completion of his term of incarceration. (Order of Judicial Removal, Dkt. No. 61.) Petitioner filed an appeal of the judgment, but then dismissed his appeal. (Notice of Appeal, Dkt. No. 64, Notice of Dismissal of Appeal, Dkt. No. 66.) On November 16, 2021, Petitioner filed a motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255 in his sentencing court. (Mot. to Vacate, Dkt. No. 83.) On September 21, 2022, Petitioner's sentencing court denied his § 2255 motion. (Judgment, Dkt. No. 101.) The Sixth Circuit Court of Appeals denied Petitioner's request for a certificate

---

[2] Available at Public Access to Court Electronic Records ("PACER"), www.pacer.gov.

of appealability. (Order, Dkt. No. 104.) The U.S. Supreme Court denied Petitioner's petition for a writ of certiorari. (Order, Dkt. No. 107.)

## II.  JURISDICTION

A district court has jurisdiction under 28 U.S.C. § 2241 where a prisoner alleges he is "in custody in violation of the Constitution or laws or treaties of the United States." § 2241(c)(3). Congress enacted 28 U.S.C. § 2255 for federal prisoners to collaterally attack their sentences by motion in the sentencing court, rather than in the district of confinement in habeas petition under § 2241. *Jones v. Hendrix*, 599 U.S. 465, 473-74 (2023). Although § 2255(e) contains a saving clause that "preserved the habeas remedy in cases where 'the remedy by motion is inadequate or ineffective to test the legality of [a prisoner's] detention[,]'" the saving clause is only available where "it is impossible or impracticable for a prisoner to seek relief from the sentencing court." *Id.* (quoting § 2255(e)). Those situations are rare; for example, upon a sentencing court's dissolution. *Id.*

Relevant here, where Petitioner has brought a § 2255 motion, "[i]n § 2255(h), Congress enumerated two—and only two—conditions in which a second or successive § 2255 motion may proceed." *Id.* at 477. "The inability of a prisoner … to satisfy those conditions does not mean that he can bring his claim in a habeas petition under the saving clause. It means that he cannot bring it at all." *Id.* at 480.

Pursuant to § 2255(h),

> A second or successive motion must be certified as
> provided in section 2244 by a panel of the appropriate

>> court of appeals to contain—
>
>> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
>> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

Petitioner's avenue for bringing a second collateral challenge to his conviction is through an application for certification in the Sixth Circuit Court of Appeals under 28 U.S.C. § 2244(b)(3)(A). If it is in the interest of justice, a district court may transfer a § 2241 petition to cure the want of jurisdiction. 28 U.S.C. § 1631. Although Petitioner seeks to collaterally attack his conviction pursuant to a plea agreement, he does not raise a claim in his petition that would appear to satisfy the requirements for a second or successive § 2255 motion. Therefore, it is not in the interest of justice to transfer the petition to the Sixth Circuit Court of Appeals to cure want of jurisdiction.

### III. CONCLUSION

This Court lacks jurisdiction under § 2241 over Petitioner's second collateral attack on his 2019 conviction in the United States District Court, Northern District of Ohio. Therefore, the Court will dismiss the petition for lack of jurisdiction.

An appropriate order follows.

**Dated:** <u>**June 4, 2024**</u>

                        <u>s/Renée Marie Bumb</u>
                        **RENÉE MARIE BUMB**
                        **Chief United States District Judge**